UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| AT CHANDEE, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | |
| § | |
| PAMELA JO BONDI, IN HER § | |
| OFFICIAL CAPACITY AS § | |
| ATTORNEY GENERAL OF THE § | |
| UNITED STATES; KRISTI NOEM, IN § | |
| HER CAPACITY AS SECRETARY OF § | No.  3:26-CV-00336-LS |
| THE UNITED STATES § | |
| DEPARTMENT OF HOMELAND § | |
| SECURITY; TODD M. LYONS, IN HIS § | |
| OFFICIAL CAPACITY AS ACTING § | |
| DIRECTOR OF THE UNITED § | |
| STATES IMMIGRATION AND § | |
| CUSTOMS ENFORCEMENT; MARY § | |
| DE ANDA-YBARRA, IN HER § | |
| OFFICIAL CAPACITY AS § | |
| DIRECTOR, EL PASO FIELD § | |
| OFFICE, U.S. IMMIGRATION AND § | |
| CUSTOMS ENFORCEMENT; and § | |
| WARDEN OF THE ERO EL PASO § | |
| EAST MONTANA, § | |
| § | |
| *Respondents*. § | |

**ORDER**

Petitioner At Chandee filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion for a temporary restraining order ("TRO").[2] For the following reasons, the Court denies Petitioner's motion.

**I.     LEGAL STANDARD.**

---

[1] ECF Nos. 1, 4.
[2] ECF No. 5.

The elements required to grant a motion for injunctive relief are:

(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[3]

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny injunctive relief.[5]

## II.     ANALYSIS.

Petitioner requests that the Court grant a TRO to prevent his removal from the United States.[6] However, a district court does not have jurisdiction to issue a stay of removal from the United States under 8 U.S.C. § 1252(g), which strips a court of jurisdiction to hear claims "arising from the decision or action by the Attorney General to . . . execute removal orders."[7]

## III.    CONCLUSION

For this reason, Petitioner's motion [ECF No. 2] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 13, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] ECF No. 5 at 1.
[7] *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (stating that the district court lacked jurisdiction to grant a request for a stay of removal); *Idokogi v. Ashcroft*, 66 F. App'x 526, 2003 WL 21018263, at *1 (5th Cir. 2003) (same); *Fabuluje v. Immigr. and Naturalization Agency*, 244 F.3d 133, 2000 WL 1901410, at *1 (5th Cir. 2000) (same).